EDWIN HEARTT

*v.*

MARK R. SHERMAN *et al.*

*Opinion filed October 23, 1907.*

1. CONTRACTS—*executory contract without consideration cannot be enforced.* An executory contract which has no consideration to support it cannot be enforced either at law or in equity.

2. CORPORATIONS—*agreement to issue stock does not make person a stockholder.* An agreement to issue shares of stock in a corporation to a certain person, which shares are never, in fact, issued, does not make him a stockholder nor authorize his election as a director and officer of the corporation.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Appellant filed a bill in chancery in the superior court of Cook county to compel the issue to himself of two hundred thousand shares of the capital stock of the National Gold and Silver Mining Company, one of the appellees. He alleged that in 1902 he entered into an agreement with the appellees Mark R. Sherman and Samuel W. Winn to obtain a charter for a mining company, to be known as the National Gold and Silver Mining Company, and in accordance with such agreement a charter was obtained from the State of South Dakota for such company. The capital stock was three million shares of the par value of one dollar each, of which one-half was set apart to be sold for the purpose of carrying on the work and developing the mine, and of the other half Sherman and Winn were each to have five hundred thousand shares, Maxson (who afterwards sold to Sherman) three hundred thousand shares and appellant two hundred thousand shares. Sherman claimed it would

be for the best interest of the corporation and all concerned that the stock should not then be issued. Sherman was elected president, Winn secretary and appellant treasurer of the corporation, and after its organization the appellant went, as its manager, to Stein's Pass, New Mexico, where the company was engaged in the development of certain mining property, took charge of the mining plant and conducted the business there until 1904, when he was asked by Sherman to resign his position as mining superintendent. At the stockholders' meeting in September, 1904, appellant was not again elected to the board of directors or to any office and was not allowed to vote any stock. After the meeting he demanded of Sherman the issue of his stock to the extent of one hundred thousand shares, it having been previously agreed that one-half of the shares to be issued to complainant should be re-conveyed to Sherman. Sherman refused to issue the stock, claiming that appellant had no interest in the corporation.

The answer of Sherman and Winn admits the incorporation of the mining company but denies that it was in pursuance of any agreement with appellant or that he had any interest therein, averring that he was merely a nominal director. It avers that Sherman and Winn, together with one Maxson, sold to the mining company their mines at Stein's Pass, New Mexico, in which appellant had no interest, for the entire capital stock of said company, one-half of which was donated to the company as treasury stock, to be sold for the purpose of carrying on the work of mining and development, and the other half divided, six hundred thousand shares each to Sherman and Winn and three hundred thousand shares to Maxson. The answer denies that any agreement was made for the division of the stock as alleged in the bill, that appellant was ever a stockholder in the corporation, or that any consideration existed for the sale of any stock to him. It admits that appellant was employed as mine superintendent of the mining company, and

avers that Sherman and Winn, voluntarily and without any consideration whatever, agreed that, in case the appellant worked at the mines faithfully and satisfactorily to both Sherman and Winn and got the company on a dividend-paying basis, they would make him a gift of two hundred thousand shares of their personal stock, but that he was careless and incompetent and did not do his work properly and satisfactorily to either Sherman or Winn and did not put the company on a dividend-paying basis.

Upon hearing the bill was dismissed for want of equity. The decree has been affirmed by the Appellate Court, and an appeal is now prosecuted to this court.

M. L. THACKABERRY, for appellant.

BURTT & KRIETE, and H. F. HAWKINS, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

That an understanding existed between appellant and Sherman and Winn that appellant had an interest in the mine all, in effect, agree. The only dispute is as to the character of the interest, appellant insisting that he had a valid contract for two hundred thousand shares of the capital stock; appellees, that his interest was a mere promise of a gift of the stock, contingent upon his services proving satisfactory to Sherman and Winn and upon his putting the company upon a dividend-paying basis. It was to this issue that all the evidence was directed. The correspondence all recognizes fully appellant's interest in the stock of the corporation but throws very little light upon its character,—whether contingent, as claimed by appellees, or based upon a contract for the stock, as claimed by appellant. It is true that appellant was elected a director and treasurer of the company, and that he was not entitled to hold either of these positions unless he was a stockholder. Sherman also procured from appellant a proxy to vote his shares at a stockholders' meeting, and by virtue thereof did vote two

hundred thousand shares. But it is admitted the stock was never issued. Appellant's election as director and treasurer and the voting of his stock were illegal, for he was never actually a stockholder. These acts, as well as parts of the correspondence, amount to admissions that appellant was a stockholder in the corporation to the extent of two hundred thousand shares. But it is clear that he was not such stockholder, and this evidence affords little indication of what his interest was or how it was acquired.

Appellant states in his bill that Sherman and Winn agreed that appellant should have $200,000 of the stock without condition. This is denied, and it devolved upon appellant to prove it. He testified to it. Sherman and Winn both denied it and testified to the conditional promise made, as alleged in their answer, without any consideration, after appellant had been employed as superintendent of the mine. While their acts of recognition of appellant as a stockholder, and the correspondence, tend to corroborate appellant to some extent, yet they are not, on the whole, inconsistent with the position and the testimony of Sherman and Winn. We do not think appellant proved the contract stated in his bill by a preponderance of the evidence. On the contrary, the preponderance is the other way.

The appellant had nothing to do with obtaining the charter of the company. So far as the evidence shows he had no interest in the mines which were transferred to the company in consideration of the issue of all its capital stock. He had, some months before the company was organized, gone to New Mexico, at Sherman's request, to examine the mines, but Sherman paid him for that. His employment as superintendent of the mines was an entirely separate matter and had nothing to do with the alleged contract for the stock. He neither gave nor agreed to give anything, neither did nor agreed to do anything as a consideration of the agreement he claims to have had for this stock. The bill contains no allegation of any consideration and none is dis-

closed by the evidence. It is elementary that an executory contract without consideration cannot be enforced in a court of either law or equity.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*